**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| MUSTAFA YILMAZ | CIVIL ACTION NO. 26-0222 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ELEAZAR GARCIA, JR., ET AL. | MAGISTRATE JUDGE MCCLUSKY |

## MEMORANDUM RULING

Before the Court is Mustafa Yilmaz's ("Petitioner") petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Record Document 1. The Magistrate Judge issued a Report and Recommendation, recommending that the habeas petition be granted and that Petitioner be released based on Petitioner's procedural due process claim. See Record Document 16. The undersigned advised the parties that it would defer ruling on the pending Report and Recommendation until the United States Court of Appeals for the Fifth Circuit decided Sosnava Rodriguez v. Miguel Vergara. See Record Document 23. Based on the newly issued Sosnava Rodriguez decision, the Court declines to adopt the Report and Recommendation of the Magistrate Judge (Record Document 16) and finds that Petitioner's detention is statutorily mandated while his removal proceedings are ongoing and does not violate the Due Process Clause of the Fifth Amendment. Accordingly, Petitioner's writ of habeas corpus (Record Document 1) is **DENIED**.

## BACKGROUND

Petitioner is a citizen of Turkey, who entered the United States on May 24, 2023. See Record Document 1. Petitioner was released from custody by DHS on May 25, 2023. See id. Petitioner applied for asylum and withholding of removal on approximately November 1, 2023. See id. On December 17, 2025, ICE re-detained Petitioner during a

routine check-in. See id. On January 12, 2026, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture and ordered him removed to Turkey. See id.

Petitioner filed this proceeding on January 27, 2026. See id. Petitioner alleges that "the mandatory detention provision of [8 U.S.C.] § 1225(b)(2)(A) does not apply to people like Petitioner, who have already entered and were residing in the United States at the time they were apprehended." Record Document 1. Further, he argues that "[b]y categorically revoking Petitioner's release without consideration of his individualized facts and circumstances, Respondents have violated the [Administrative Procedure Act]." Id. Next, he argues that "Respondents have revoked or are revoking Petitioner's prior custody determination as a result of a categorical policy prepared by and implemented by unidentified government officials in Washington D.C., not through the individual exercise of discretion required by law or by the individuals enumerated by regulation to do so." Thus, Petitioner alleges that his detention "is not in accordance with law and in excess of statutory authority." Id. Lastly, Petitioner claims that Respondents have violated his right to procedural due process under the Fifth Amendment because no individualized determination was made prior to his detention. See id.

Overall, Petitioner seeks habeas corpus or, in the alternative, a bond hearing, as well as declaratory relief, an injunction prohibiting Respondents from re-detaining him under Section 1225(b)(2), and attorneys' fees under the Equal Access to Justice Act. See id. The Magistrate Judge issued a Report and Recommendation on April 6, 2026, recommending Petitioner's request for habeas corpus be granted on the basis of his procedural due process claim. See Record Document 16. The Magistrate Judge further

recommended that Respondents be enjoined and restrained from re-detaining Petitioner unless and until he receives pre-deprivation process. See id. Respondents filed a written objection to the recommendation on April 15, 2026. See Record Document 17. On April 28, 2026, Petitioner filed a response to Respondent's objection. See Record Document 18. On July 20, 2026, in an order denying Petitioner's Motion for Expedited Consideration (Record Document 20), this Court informed the parties that it would defer ruling on the merits of the petition until the Fifth Circuit issued its en banc decision in Sosnava Rodriguez v. Miguel Vergara. See Record Document 23.

## LAW AND ANALYSIS

The United States Court of Appeals for the Fifth Circuit held in Buenrostro-Mendez that aliens, who have not been admitted, may be detained without bond under 8 U.S.C. § 1225(b)(2)(A). See 166 F.4th 494, 502 (5th Cir. 2026). This remains true even when the unlawful aliens have been present in the United States for years. See id. In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. See id. at 502-08. The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). See id. at 502. Here, the Court finds that Petitioner has not been previously admitted to the United States, and is therefore classified as an applicant for admission, who is lawfully and mandatorily detained under § 1225(b)(2)(A).

In Sosnava Rodriguez v. Miguel Vergara, the Fifth Circuit recently held that mandatory detentions under § 1225(b)(2)(A) do not violate an applicant for admission's Fifth Amendment right to due process. See No. 26-50183, 2026 WL 3181188, at *5 (5th

Cir. Oct. 23, 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."). Notably, the court achieves the same result regardless of whether the claim was characterized as substantive or procedural due process. See id. at *7 ("[P]rocedural due process does not require bond hearings ... in the context of § 1225(b)(2)(A)."); see id. at *11 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process right.") (quoting Washington v. Glucksberg, 521 U.S. 702, at 720–21 (1997)); see id. at *12-13 (holding that duration of an applicant for admission's pre-removal detention raises no constitutional concerns).

Here, Sosnava Rodriguez has foreclosed Petitioner's arguments, including his claim that he should have received an individualized custody revocation before his detention. "[T]he Supreme Court has repeatedly made clear that Congress may mandate detention for certain classes of aliens *without* individual determinations…." Sosnava Rodriguez, 2026 WL 3181188, at *8 (citing Demore v. Kim, 538 U.S. 510, 513 n.1, 518, 525–28, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003); see also id. at 523, 525, 123 S.Ct. 1708 ("[T]his Court has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process," even where "[t]here [is] no 'individualized finding' of likely future dangerousness[.]" (quoting Carlson v. Landon, 342 U.S. 524, 543, 72 S.Ct. 525, 96 L.Ed. 547 (1952) (citation modified))); Reno v. Flores, 507 U.S. 292, 314 n.9, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) (rejecting the call for "fully individualized custody determinations").

Thus, Petitioner has no right to process beyond what Congress has provided, and Congress did not give unlawful aliens detained under § 1225(b) the right to a pre-deprivation determination or bond hearing. Based on Sosnava Rodriguez, Petitioner's claim to such an individualized determination, whether characterized as substantive due process or procedural due process, fails. See id. at *6, 12.

## CONCLUSION

Accordingly, Petitioner's detention is statutorily mandated while his removal proceedings are ongoing and does not violate the Due Process Clause of the Fifth Amendment. As a result, Petitioner's writ of habeas corpus (Record Document 1) is hereby **DENIED**.

A judgment consistent with this memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this the 3rd day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE